IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ERNEST MILLER,

        Plaintiff,                    No. CIV S-08-3101 GGH P

    vs.

T. PEREZ, et al.,

        Defendants.            <u>ORDER</u>

_____/

        Plaintiff, a state prisoner proceeding pro se and in forma pauperis, seeks relief pursuant to 42 U.S.C. § 1983. By order filed April 8, 2009, plaintiff's complaint was dismissed with leave to file an amended complaint. Plaintiff filed an amended complaint.

        As plaintiff has been previously informed, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

        A claim is legally frivolous when it lacks an arguable basis either in law or in fact. <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227-28

(9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  <u>Neitzke</u>, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See <u>Jackson v. Arizona</u>, 885 F.2d 639, 640 (9th Cir. 1989); <u>Franklin</u>, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." <u>Id.</u>, quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, <u>Hospital Bldg. Co. v. Rex Hospital Trustees</u>, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421 (1969).

Plaintiff was granted leave to amend to set forth a colorable claim of racial discrimination.  Instead, plaintiff begins by claiming that he has been deprived of his First Amendment right to send and receive mail, including by not being permitted to buy stamps/postage. Amended Complaint (AC), p. 3.  Prisoners do have "a First Amendment right to send and receive mail." <u>Witherow v. Paff</u>, 52 F.3d 264, 265[1] (9th Cir. 1995)(noting, nevertheless, that prison regulations may impinge on an inmate's constitutional rights if "reasonably related to legitimate penological interests," quoting <u>Turner v. Safley</u>, 482 U.S. 78, 89, 107 S, Ct, 2254, 2261 (1987).  Although plaintiff once again presents the following as

---

[1] The Ninth Circuit has said that "there must be a 'closer fit between the regulation and the purpose it serves," when the regulation at issue "affects outgoing mail as opposed to incoming mail...., [h]owever, in neither case must the regulation satisfy a 'least restrictive means' test." <u>Witherow</u>, supra, 52 F.3d at 265.

defendants: High Desert State Prison (HDSP) Warden Perez; Sergeant C. Lockard; Lieutenant J. Lawry; Correctional Officer (C/O) Robinson, aka, Mr. Carpe; and C/O Noriega, he does not set forth how each is implicated in any such constitutional deprivation. The only specific allegation he makes is that defendant Lockard told an "untruth" to the court under penalty of perjury in another case, CIV-S-06-0947 DFS [JAM] GGH P. In order to attempt to discern the basis of this claim, the court will take judicial notice[2] of the action referenced, a previous one of plaintiff's before the undersigned.

As noted, plaintiff in the instant action makes a brief claim that defendant Lockard was not truthful in a declaration, filed on October 2, 2008, in Case No. CIV-S-06-0947 [docket # 58-2], evidently referencing Lockard's assertion that plaintiff had received his personal property as of July 11, 2008, and all of his legal property as of October 2, 2008. In CIV-S-06-0947, the court directed the defendant on more than one occasion to respond to plaintiff's repeated claims (see docket # 50 and # 71) that he had been deprived of his legal property since May 12, 2008, and that he was also denied access to his personal property. After reviewing plaintiff's claims and the defendant's responses, the court concluded that plaintiff had the access that he required to proceed, noting that plaintiff failed to specify what the property is that he claimed was still missing that related to the case (see docket # 65 and # 76). When, despite the court's having afforded plaintiff an extended opportunity to address the merits of the defendants' motion for summary judgment (by permitting a supplemental opposition), plaintiff continued to complain of not having access to his legal property, this court stated, inter alia:

> The court has extensively considered the issue of plaintiff's access to his legal property. Defendant has been ordered to file briefing addressing this on two occasions. Each time, defendant states that plaintiff has his legal property and the personal property needed to litigate this action. Plaintiff's continued insistence that he does not have access to his legal property can only be seen as an attempt to

---

[2] Judicial notice may be taken of court records. Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n.1 (N.D. Cal. 1978), aff'd, 645 F.2d 699 (9th Cir.), cert. denied, 454 U.S. 1126 (1981).

      manipulate the court and defendants. For these reasons, the court
finds that plaintiff has, in effect, failed to oppose defendant's
summary judgment motion.

CIV-S-06-0947 JAM GGH P, docket # 78, p. 3.[3]

      The court notes that within the allegations of the instant complaint plaintiff does not make clear that he does not have access to his legal property; it is only by reference to his exhibits that it appears that he is maintaining that he still does not have access to legal and/or personal property that was taken as of May 12, 2008. He also still fails (as noted in the prior case) to identify what legal property he was deprived of that he believed was necessary to litigate CIV-S-06-0947.

      The Supreme Court has held that before a denial of access to the courts claim can go forward, an inmate must "demonstrate that a nonfrivolous legal claim had been frustrated or was being impeded." <u>Lewis v. Casey</u>, 518 U.S. 343, 116 S. Ct. 2174, 2180 (1996). Accordingly, before a claim of denial of access to the courts can proceed, an inmate must demonstrate that he was precluded or thwarted in his efforts to present a legally or factually arguable claim to the courts. Plaintiff has failed to do so in this instance and he cannot do so by seeking to re-litigate an issue that has been previously addressed in a prior case. That is, to the extent that plaintiff seeks to re-litigate the question of whether or not he was able to proceed properly in the prior case arising from his alleged lack of access to his legal/personal property, it would appear that plaintiff would be collaterally estopped from doing so. "Res judicata, or claim preclusion, prevents the relitigation of a claim previously tried and decided. Collateral estoppel, or issue preclusion, bars the relitigation of issues actually adjudicated in previous litigation between the same parties." <u>Clark v. Bear Stearns & Co., Inc.</u>, 966 F.2d 1318, 1320 (9th Cir. 1992). "The purposes of preclusion doctrines are to 'conserve judicial resources, protect litigants from multiple lawsuits, and foster certainty and reliance in legal relations.'" <u>Disimone v.</u>

---

[3] The recommendation that the defendant's motion for summary judgment be granted was adopted by an <u>Order</u> in docket # 82.

4

Browner, 121 F.3d 1262, 1267 (9th Cir. 1997), quoting United States v. ITT Rayonier, Inc., 627 F.2d 996, 1000 (1980). "A court is permitted to raise preclusion doctrines *sua sponte*." Id., citing McClain v. Apodaca, 793 F.2d 1031, 1032-34 and n. 2 (9th Cir. 1986). Good cause appearing, the court sua sponte raises the issues of res judicata and collateral estoppel, and finds that to the extent that plaintiff's First Amendment claim is one of a denial of the right of access to the courts against the defendants resting on issues raised in CIV-S-06-0947, i.e., regarding access to his legal or personal property when litigating that case, they are barred.

However, to the extent that plaintiff may seek to proceed on a claim that he is being deprived of his First Amendment right to send and receive correspondence by mail, plaintiff has failed to allege, in this case for money damages, specifically which defendant has deprived him of that right, and he has not set forth the conduct of any specific defendant that demonstrates a deprivation of that right. This claim will be dismissed with leave to amend.

Plaintiff continues to fail to articulate a colorable claim of racial discrimination in the amended complaint. In the prior order, the court, noting that the Equal Protection Clause of the Fourteenth Amendment protects prisoners "from invidious discrimination based on race,"[4] observed, however, that plaintiff had failed to posit any factual predicate for his conclusory assertion of such discrimination by defendants. The court also referenced (id.) Moore v. Brown & Williamson Tobacco, Corp., 2009 WL 192448 *4-5 (N.D. Cal. 2009), wherein the plaintiff's equal protection claim arising from conclusory allegations that defendants' conduct was based on racial animus were dismissed with leave to amend to assert facts supporting the claim, which that plaintiff failed to do timely. Plaintiff, in his amended filing, has not moved beyond once again making conclusory allegations of racial discrimination against the defendants, alleging that he is being discriminated against because he is an African American prisoner but providing no factual substance or support to the claim. This amended complaint will be dismissed and plaintiff will

---

[4] Order, filed on April 8, 2009 (docket # 11), p. 3, quoting Wolff v. McDonnell, 418 U.S. 539, 556, 94 S. Ct. 2963, 2974 (1974), citing Lee v. Washington, 390 U.S. 333, 88 S. Ct. 994 (1968).

1  be granted one further opportunity to amend.

2         If plaintiff chooses to amend the amended complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the second amended complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

        In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's second amended complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

        In accordance with the above, IT IS HEREBY ORDERED that the amended complaint is dismissed with one further opportunity for plaintiff to amend in the form of a second amended complaint within thirty days; failure to file a second amended complaint will result in a recommendation of dismissal of this action.

DATED: September 10, 2009           /s/ Gregory G. Hollows

                                                     UNITED STATES MAGISTRATE JUDGE

GGH:009
mill3103.ord