IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ERNEST MILLER,

        Plaintiff,                    No. CIV S-08-3101 GGH P

    vs.

T. PEREZ, et al.,

        Defendants.           ORDER
_____/

        Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983. This action, originally filed on December 8, 2008, was transferred in from the Northern District on December 22, 2008. Plaintiff consented to the jurisdiction of the undersigned on December 29, 2008, which consent was docketed on January 5, 2009. See docket # 7. By Order, filed on January 5, 2009, plaintiff was directed to submit the filing fee or an appropriate affidavit in support of his request to proceed in forma pauperis. By Order, filed on April 8, 2009, plaintiff was granted in forma pauperis status and his claims were dismissed with leave to amend, which he did. On September 10, 2009, plaintiff's amended complaint was dismissed and plaintiff was granted one further opportunity to amend, after which plaintiff filed a second amended complaint on October 15, 2009. On November 2, 2009, plaintiff filed a motion asserting that his in forma pauperis status should not be revoked wherein he concedes that he has had three or more actions

1

dismissed as frivolous or for failure to state a claim. To that notice, plaintiff appends an order in another case, CIV-S-08-0234 OWW SMS, on which he proceeded within the Fresno Division of the Eastern District of California. The order he appends concerns plaintiff's motion for a preliminary injunction in that case, wherein he sought to be housed on single cell status due to safety concerns. The motion was denied for lack of jurisdiction because plaintiff's allegations within that complaint concerned prison officials at California State Prison-Corcoran, but at the time of filing the motion, plaintiff was housed at High Desert State Prison. The court, however, did direct service of a courtesy copy of the order in light of plaintiff's concerns about his safety upon the warden at High Desert State Prison, placing the warden on notice and requesting that plaintiff's allegations that he was in danger if not housed in a single cell be looked into. Ultimately, plaintiff's action, CIV-S-08-0234 OWW SMS, was dismissed for failure to exhaust administrative remedies and judgment entered thereon on September 8, 2009. Plaintiff's subsequent appeal was dismissed on December 10, 2009, for failure to perfect the appeal.

In the original complaint in the instant action plaintiff made allegations that did not implicate his constitutional rights, i.e., claims regarding "a 180-day loss of telephone privileges, canteen shopping, access to television and radio, or receipt from friends or family of vendor packages." See Order, filed on April 8, 2009, p. 3. Because, however, plaintiff had raised "the specter of racial discrimination as the basis for his loss of such amenities," plaintiff was granted leave to amend to frame an equal protection claim. Id., at 3-4.

Plaintiff's amended complaint was dismissed because, inter alia, he continued to fail to articulate a colorable claim of racial discrimination. The court also found that his claims related to a prior case, CIV-S-06-0947 JAM GGH P, with regard to the First Amendment were barred under the doctrines of res judicata and collateral estoppel. See Order, filed on September 15, 2009. Plaintiff was nevertheless granted one further opportunity to amend to frame a viable First Amendment claim and a claim of racial discrimination. Id.

\\\\\

In his second amended complaint, plaintiff alleges in a very generic fashion that defendants are depriving him of his First Amendment right to send and receive mail due to his disciplinary confinement. He continues to reference issues previously litigated in CIV-06-0947. The court has previously explained the applicable standards for making colorable claims,[1] but plaintiff once again fails to set forth colorable allegations. See Second Amended Complaint, filed on October 15, 2009.

However, plaintiff has also filed a motion for single cell status, seeking single cell status and a transfer to another prison "due to imminent danger of physical injury" under 28 U.S.C. § 1915(g). Motion for Preliminary Injunction, filed on November 20, 2009. This appears to be an effort at a preemptive strike based on plaintiff's correct concession that he has been found to be a three-strikes litigant. See, e.g., Miller v. McGrath, et al., CIV-S-08-0070 HWG KSC.

The Prison Litigation Reform Act of 1995 (PLRA) permits any court of the United States to authorize the commencement and prosecution of any suit without prepayment of fees by a person who submits an affidavit indicating that the person is unable to pay such fees; however,

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The court takes judicial notice[2] of the national pro se "three strikes"

---

[1] See Orders, filed on April 8, 2009 (docket # 11) and on September 10, 2009 (docket # 15).

[2] Judicial notice may be taken of court records. Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n.1 (N.D. Cal. 1978), aff'd, 645 F.2d 699 (9th Cir.), cert. denied, 454 U.S. 1126 (1981).

3

database, and the cases therein cited, which a Ninth Circuit committee has directed this court to access for PLRA three-strikes screening purposes, wherein plaintiff, Ernest Miller, CDCR[3] # T97203, is identified as a litigant with no less than four strikes based on the following filings dismissed for failure to state a claim: 1) <u>Miller v. High Desert Prison, et al.</u>, CIV-S-06-1437 GEB CMK PC, dismissed on July 24, 2007[4]; 2) <u>Miller v. Access Securepak</u>, CIV-S-07-1538 PC, dismissed on December 19, 2007[5]; 3) <u>Miller v. King Harris Publications Magazine</u>, CIV-S-07-1152 LJO GSA, dismissed on March 12, 2008[6]; 4) <u>Miller v. California State Prison Corcoran, et al.</u>, CIV-S-06-1437 OWW SMS, dismissed on May 9, 2008. Each of these cases, as verified by this court's review of the electronic docket of each case, was dismissed well prior to the filing of this action, on December 8, 2008, or even, by application of the mailbox rule,[7] on November 25, 2008.

The court finds that plaintiff is precluded from proceeding in forma pauperis in this action unless plaintiff is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). To meet the exception, plaintiff must have alleged facts that demonstrate that he was "under imminent danger" at the time of filing the complaint. <u>Andrews v. Cervantes</u>, 493 F.3d 1047, 1053 (9th Cir. 2007) ("it is the circumstances at the time of the filing of the complaint that matters for purposes of the 'imminent danger' under § 1915(g))"; <u>see</u> <u>also</u>, <u>Abdul-Akbar v. McKelvie</u>, 239 F.3d 307, 312-14 (3rd Cir. 2001); <u>Medberry v. Butler</u>, 185 F.3d 1189, 1192-93

---

[3] California Department of Corrections and Rehabilitation.

[4] Untimely appeal dismissed for lack of jurisdiction.

[5] Dismissal for failure to state a claim summarily affirmed on appeal to the Ninth Circuit.

[6] Dismissed with prejudice for failure to state a claim, and affirmed on appeal for the reasons set forth by the magistrate judge, adopted by the district judge.

[7] Pursuant to <u>Houston v. Lack</u>, 487 U.S. 266, 275-76, 108 S. Ct. 2379, 2385 (1988) (pro se prisoner filing is dated from the date prisoner delivers it to prison authorities). <u>Douglas v. Noelle</u>, 567 F.3d 1103, 1109 (9th Cir. 2009) (holding that "the <u>Houston</u> mailbox rule applies to § 1983 complaints filed by *pro se* prisoners").

(11th Cir. 1999); Ashley v. Dilworth, 147 F.3d 715, 717 (8th Cir.1998); Banos v. O'Guin, 144 F.3d 883, 884 (5th Cir.1998). Plaintiff has altogether failed to do so not only in his original complaint which is the basis on which an evaluation must be made as to whether plaintiff alleged facts demonstrating that he was "under imminent danger of serious physical injury," but even in any subsequent incarnation of his complaint, as set forth above.

Nor can plaintiff's recent filing of a putative motion for preliminary injunction have the retroactive effect he seeks. "The proper legal standard for preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009), quoting Winter v. Natural Res. Def. Council, Inc., ___ U.S. ___, 129 S.Ct. 365, 374 (2008).

In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2). In his motion, the sole basis for his seeking a single cell and a transfer is the broad claim that "prisoners and prison guards" continuously make "fatal threats" as they walk by his cell, which he appears to be seeking to link to this case by seeking to claim that the unnamed guards and prisoners are acting in retaliation for his having filed the instant lawsuit on which he now seeks to proceed on claims that his First Amendment rights have been violated by how his mail is sent and received while he is confined to a disciplinary unit. See Motion for Preliminary Injunction, p. 1. In addition to his failure to identify when and by whom he is allegedly being threatened, plaintiff fails to even provide an affidavit in support of his defective motion. The motion appears on its face to be a somewhat desperate, if misguided, effort to keep the court from reconsidering, sua sponte, the issue of whether plaintiff should be allowed to continue to proceed in this case in forma pauperis. In addition, the motion fails

5

because there is not even a viable underlying complaint upon which the court is able to assess the merits of this action.

Because plaintiff has failed after three attempts to frame colorable allegations, the court will now dismiss this case with prejudice for plaintiff's repeated failure to state a claim upon which relief may be granted. "Liberality in granting a plaintiff leave to amend 'is subject to the qualification that the amendment not cause undue prejudice to the defendant, is not sought in bad faith, and is not futile.'" Thornton v. McClatchy Newspapers, Inc., 261 F.3d 789, 799 (9th Cir. 2001), quoting Bowles v. Reade, 198 F.3d 752, 757 (9th Cir.1999). "Under Ninth Circuit case law, district courts are only required to grant leave to amend if a complaint can possibly be saved. Courts are not required to grant leave to amend if a complaint lacks merit entirely." Lopez v. Smith, 203 F.3d 1122, 1124, 1129 (9th Cir. 2000) ("[A] district court retains its discretion over the terms of a dismissal for failure to state a claim, including whether to make the dismissal with or without leave to amend.")

Moreover, in light of plaintiff's history as a three strikes litigant, the court now finds that his in forma pauperis status must be revoked because he is barred from proceeding in forma pauperis under 28 U.S.C. § 1915(g). The court has no record of any payment having been made against the filing fee so that, if this matter were proceeding, the full amount of the filing fee of $350.00 would be due immediately.

Accordingly, IT IS ORDERED that:

1. Plaintiff's in forma pauperis status is hereby revoked and he is barred from proceeding in forma pauperis in this action under the three strikes provision of 28 U.S.C. § 1915(g), and the Order, filed on April 9, 2009 (docket # 11), is vacated to the extent it permitted plaintiff to pay the civil filing fee pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1) and (2);

2. Plaintiff's defective motion for preliminary injunctive relief, filed on November 20, 2009 (docket # 18), is denied; and

3. This case is dismissed with prejudice for plaintiff's repeated failure to state a claim upon which relief may be granted.

DATED: February 22, 2010

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
mill3101.3st