IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ERNEST MILLER,

     Plaintiff,                    No. CIV S-08-3101 GGH P

  vs.

T. PEREZ, et al.,

     Defendants.             ORDER

        On February 22, 2010, this action was dismissed with prejudice[1] and judgment was entered. On March 29, 2010, plaintiff filed a "notice of motion objection" which the court construes as Rule 60(b) motion.

        Under Rule 60(b), a party may seek relief from judgment and to re-open his case in limited circumstances, "including fraud, mistake, and newly discovered evidence." Gonzalez v. Crosby, 545 U.S. 524, 528, 125 S. Ct. 2641, 2645-46 (2005). "Motions for relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure are addressed to the sound discretion of the district court." Allmerica Financial Life Insurance and Annuity Company v. Llewellyn, 139 F.3d 664, 665 (9th Cir. 1997).

---

[1] The court notes that plaintiff consented to the jurisdiction of the undersigned. See Docket Entry # 7, entered on the docket on January 5, 2009.

1

1    Once a decision of law is made, it becomes the "law of the case," and absent clear error or changed circumstances should not be changed.  See <u>United States v. Estrada-Lucas</u>, 651 F.2d 1261, 1263-64 (9th Cir.1980).  The law of the case doctrine provides that "a court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case." <u>United States v. Cuddy</u>, 147 F.3d 1111, 1114 (9th Cir. 1998), <u>quoting</u> <u>United States v. Alexander</u>, 106 F.3d 874, 876 (9th Cir. 1997) (internal quotation and citation omitted).

Plaintiff's objection is solely predicated on the court having found that plaintiff was barred by the three-strikes provision under 28 U.S.C. § 1915(g) and having revoked his in forma pauperis status.  Plaintiff essentially maintains that he should be allowed to proceed under the "imminent danger of serious physical injury" exception under § 1915(g), but he raises no new fact or point of law not previously considered; in fact he raises no substantive argument whatever and his assertion is wholly conclusory and without any substantive basis.  Moreover, plaintiff does not note that the case was dismissed with prejudice on an entirely separate ground, that is, plaintiff's repeated failure to state a claim upon which relief may be granted.

Accordingly, IT IS HEREBY ORDERED that plaintiff's March 29, 2010, "notice of motion objection" (Docket No. 22), construed as a motion for relief from judgment under Fed. R. Civ. P. 60(b), is denied.

DATED: April 21, 2010

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
mill3101.60(b)

2